**FILED**
**DECEMBER 31, 2020**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36902-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL L. ARNETT, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Michael Arnett appeals his conviction for possession of a controlled substance, arguing there was a speedy trial violation that was erroneously overlooked by trial counsel and the court. We find no violation and therefore affirm.

FACTS

On April 11, 2018, Mr. Arnett was arrested for driving on a suspended license. During the arrest process, law enforcement found Mr. Arnett was in possession of three suspicious substances. One substance was quickly determined to be nabumetone, a legend drug.[1] The other two substances were forwarded to the state crime laboratory for testing.

The day after his arrest, Mr. Arnett was arraigned in district court on misdemeanor charges of driving with a suspended license and possession of a legend drug. He was

---

[1] A "legend drug" is any drug "required by state law or regulation of the pharmacy quality assurance commission to be dispensed on prescription only or [is] restricted to use by practitioners only." RCW 69.41.010(13).

released from custody pending trial. On May 3, 2018, Mr. Arnett pleaded guilty to the misdemeanor charges.

In September 2018, the state crime lab completed an analysis report of one of the two unknown substances found on Mr. Arnett's person at the time of his arrest. The substance was determined to be methamphetamine. On October 23, 2018, Mr. Arnett was charged in superior court with felony possession of methamphetamine.

Mr. Arnett was arraigned on the methamphetamine charge on November 6, 2018. At that point, his trial date was scheduled for January 30, 2019. After waiving his time for trial rights twice on January 8, 2019, and March 5, 2019, Mr. Arnett's trial was eventually set for May 22, 2019. Shortly before trial, the State amended the information to include an additional count of unlawful possession of a controlled substance. This count alleged possession of hydrocodone, which was the third substance that had been found with Mr. Arnett at the time of his arrest.

Mr. Arnett's case went to trial as scheduled on May 22. He was convicted of unlawful possession of methamphetamine and acquitted on the hydrocodone charge. The court sentenced Mr. Arnett to three months in jail and $700 in legal financial obligations.

Mr. Arnett appeals.

No. 36902-1-III
*State v. Arnett*


ANALYSIS

Mr. Arnett contends he was denied effective assistance of counsel when his attorney failed to make a rule-based speedy trial objection at the outset of his superior court case. According to Mr. Arnett, the time for trial rule was violated because more than 90 days expired between his arraignment in district court and the filing of related charges in superior court. Alternatively, Mr. Arnett argues the trial court violated his time for trial rights because it did not address the matter sua sponte.

The time for trial rules are set by CrR 3.3. For an out-of-custody defendant like Mr. Arnett, the speedy trial clock is 90 days. CrR 3.3(b)(2). This period begins on the day of arraignment. CrR 3.3(c)(1). When the defendant faces multiple prosecutions for related charges, the time for trial computation applies "equally to all related charges." CrR 3.3(a)(5). However, when related charges are disposed of at different times, some speedy trial time may be excluded. Specifically, "[t]he period between the commencement of trial or the entry of a plea of guilty on one charge and the defendant's arraignment in superior court on a related charge" is excluded from the speedy trial clock. CrR 3.3(e)(5).

We disagree with Mr. Arnett's claim that his speedy trial time had expired by the time he was arraigned in superior court. Even assuming Mr. Arnett's three drug charges

3

should be considered "related" under CrR 3.3(a)(3)(ii), far less than 90 days expired

before Mr. Arnett appeared in superior court. Mr. Arnett was arraigned on the district

court charges on April 12, 2018. He pleaded guilty 21 days later. Once the plea was

entered, Mr. Arnett's speedy trial clock stopped. *See* CrR 3.3(e)(5). The time for trial

clock did not resume until Mr. Arnett was arraigned in superior court on the second

drug charge. *Id*. Because only 21 days were deemed to have expired at that point, counsel

lacked any basis to object on speedy trial grounds. While the superior court's initial trial

setting of January 30, 2019, was outside the 90-day speedy trial window, Mr. Arnett

waived his speedy trial rights prior to expiration of this deadline. Thus, no speedy trial

violation occurred. Neither counsel nor the court behaved unreasonably in failing to raise

a speedy trial issue.[2]

---

[2] Rather than the speedy trial rule, the protection against multiple prosecutions envisioned by Mr. Arnett is set by CrR 4.3.1. Under that rule, the State is required to join related cases for trial. If the State files charges after the defendant has been tried for a related charge, the defendant may seek dismissal. CrR 4.3.1(b)(3). The court must grant the motion unless it determines the prosecuting attorney lacked sufficient evidence to warrant trying the offense at the time of the first trial. *Id.*

Mr. Arnett could have sought relief from multiple prosecutions under CrR 4.3.1(b)(3). However, it is virtually certain this effort would have been unsuccessful. At the time of Mr. Arnett's plea to the misdemeanor drug charge, the State did not yet have lab reports to justify the subsequent felony drug charges. Given this circumstance, the trial court almost certainly would have denied a motion to dismiss under CrR 4.3.1(b)(3).

No. 36902-1-III
*State v. Arnett*

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

5